UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                          CRIMINAL DOCKET

VERSUS                                 NO: 13-101

MARK MORAD, ET AL.                     SECTION: R

## ORDER AND REASONS

Defendant Christopher White moves to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d).[1]  Because White has failed to provide a fair and just reason for requesting the withdrawal, the Court denies the motion.  An evidentiary hearing is unnecessary.[2]

## I.  BACKGROUND

On September 25, 2014, a federal grand jury returned a sixteen-count second superseding indictment in an ongoing healthcare fraud conspiracy case involving thirteen criminal defendants.[3]  Defendant Christopher White provided accounting, financial, and tax services to the companies engaged in

---

[1]     R. Doc. 513; R. Doc. 568.

[2]     A defendant is not entitled to a hearing on his motion to withdraw unless the defendant "alleges sufficient fact, which, if proven, would justify relief."  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  White does not meet this standard here.

[3]     R. Doc. 114.

healthcare fraud.[4] Count One of the Second Superseding Indictment charges White with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. §§ 1347 and 1349.[5] Count Six charges White with conspiracy to falsify records in a federal investigation, in violation of 18 U.S.C. §§ 371 and 1519.[6] Count Seven charges White with falsifying records in a federal investigation, in violation of 18 U.S.C. § 1519.[7]

White pleaded guilty to Counts One and Six on March 18, 2015.[8] In exchange for White's guilty plea, the Government agreed to dismiss Count Seven and agreed not to bring any other charges arising out of White's conduct as detailed in his factual basis.[9] The Government also agreed that White was entitled to a two-level reduction in his guideline offense level for timely acceptance of responsibility.[10]

---

[4]     R. Doc. 265 at 2.

[5]     R. Doc. 114 at 1-14.

[6]     *Id.* at 18-20.

[7]     *Id.* at 20.

[8]     R. Doc. 261.

[9]     R. Doc. 264 at 1.

[10]     *Id.*

White's factual basis describes how he contributed to the overall healthcare fraud scheme.[11]  According to the factual basis, White "provided financial and accounting services to aid in . . . pay[ing] money to [illegal] patient recruiters,"[12] and "caused claims to be submitted to Medicare . . . knowing that the Medicare beneficiaries who purportedly received home healthcare services and [durable medical equipment] did not qualify under Medicare standards . . . and did not want and/or did not receive home health services."[13]  In addition, "in response to a [grand jury] subpoena, White and co-conspirators agreed to fabricate employment and tax records to mislead the grand jury and law enforcement and conceal the fraud scheme."[14] Specifically, "White . . . created false tax forms, employment records and other documents to give the false impression that a co-conspirator had worked for [a company involved in the fraudulent scheme.]"[15]  At rearraignment, White stated under

---

[11]    *See generally* R. Doc.265.

[12]     *Id.* at 3.

[13]    *Id.* at 4.

[14]    *Id.*

[15]    *Id.*

oath that he had read the factual basis and discussed it with his lawyer and that the facts stated therein were true.  White also signed the factual basis.[16]

Eight of White's co-defendants also pleaded guilty to various charges in the Second Superseding Indictment.  The remaining four co-defendants proceeded to trial on May 6, 2015, and were found guilty as charged on May 13, 2015.[17]

In preparing White's pre-sentence investigation report ("PSR"), the probation officer assessed White a sixteen-level increase in his offense level for causing a loss of $2,272,241.96 to the victim, Medicare.  The probation officer also assessed White a two-level increase under United States Sentencing Guidelines § 2B1.1(b)(2)(A)(ii) because the offense was committed through mass-marketing; a two-level increase under § 3B1.3 because White abused a position of public or private trust or used a special skill in a manner that significantly facilitated the commission or concealment of the offense; and a two-level increase under § 3C1.1 because White's producing a false, altered, or counterfeit document obstructed or impeded the administration of justice. Accordingly, White was assigned an offense level of 30, which was reduced to

---

[16]     R. Doc. 533 at 29.

[17]     R. Doc. 336; R. Doc. 341.

28 due to his timely acceptance of responsibility. Based on an offense level of 28 and a criminal history category of I, the probation officer calculated White's advisory guideline range to be 78 to 97 months. White faces a statutory maximum of 120 months as to Count One (conspiracy to commit healthcare fraud), and a statutory maximum of 60 months as to Count Six (conspiracy to falsify records in a federal investigation). *See* 18 U.S.C. §§ 371, 1349.

On December 21, 2015, nine months after pleading guilty, seven months after his co-defendants were found guilty at trial, and only three weeks before his scheduled sentencing date, White moved the Court to permit him to withdraw his guilty plea.[18] White argues that he is not guilty of the offenses to which he pleaded guilty because he "did not have any nefarious intent" and "did nothing more than fulfill his professional responsibilities as an account[ant.]"[19] White contends that he did not delay in moving to withdraw his plea and that the Court's allowing him to withdraw would not unduly inconvenience the Court or the Government.[20]

In opposition to White's motion to withdraw, the Government argues that White's representation that he is not guilty does not warrant the Court's

---

[18]    R. Doc. 513.

[19]    R. Doc. 586 at 4.

[20]    *Id.* at 3.

allowing him to withdraw his guilty plea. The Government contends that White's motion to withdraw comes only after significant delay and would prejudice the Government and waste judicial resources.[21]

## II. LEGAL STANDARD

"It is well settled that there is no absolute right to withdraw a guilty plea before the imposition of sentence." *United States v. Rasmussen*, 642 F.2d 165, 167 (5th Cir. 1981) "Instead, the right to do so is within the sound discretion of the trial court." *Id.* The Court may permit withdrawal before sentencing if the defendant can establish a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2).

When considering whether to grant a motion to withdraw a guilty plea, the Court considers the factors set forth in *United States v. Carr*: whether (1) defendant has asserted his innocence; (2) the Government would suffer prejudice if the withdrawal motion were granted; (3) the defendant delayed in filing his withdrawal motion; (4) the withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available; (6) the original plea was knowing and voluntary; and (7) the withdrawal would waste

---

[21]    R. Doc. 576 at 3.

6

judicial resources. 740 F.2d 339, 343-44 (5th Cir. 1984); *accord United States v. Marquez*, 12-41422, 2013 WL 6044228, at \*2 (5th Cir. Nov. 15, 2013). The Court also considers "the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion." *Id.* at 344.

"No single factor or combination of factors mandates a particular result." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). Instead, the Court makes its determination based on the totality of the circumstances. *Carr*, 740 F.2d at 344 (citing *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir. 1976)). "For example, the longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion." *Id.* (citing *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975)). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." *Badger*, 925 F.2d at 104 (citing *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988)).

## III. DISCUSSION

Upon consideration of the *Carr* factors and the totality of the circumstances, the Court concludes that White has failed to establish a "fair and just reason" for the Court to permit withdrawal of his guilty plea.

## A. Assertion of Innocence

White contends that he is not guilty of the crimes to which he pleaded guilty—that is, conspiracy to commit healthcare fraud and conspiracy to falsify records in a federal investigation—because he had no "nefarious intent" at the time of his unlawful actions and "did nothing more than fulfill his professional responsibilities as an account[ant.]"[22] White's factual basis plainly provides that White "caused claims to be submitted to Medicare . . . *knowing* that the [purported] Medicare beneficiaries . . . did not qualify under Medicare standards to receive home health services and . . . did not want and/or did not receive home health services."[23] The factual basis also plainly states that White "*fabricate[d]* employment and tax records to *mislead* the grand jury and law enforcement and *conceal* the fraud scheme. White and co-conspirators created *false* tax forms, employment records, and other documents to give the *false* impression that a co-conspirator had worked for

---

[22]    R. Doc. 568 at 4.

[23]    R. Doc. 265 at 4 (emphasis added).

[a company involved in the fraudulent scheme.]"[24]   These details are incompatible with White's argument that he lacked any "nefarious intent" and merely carried out his responsibilities as professional accountant.

White's "[s]olemn declarations in open court" as to the accuracy of the factual basis "carry a strong presumption of verity."  *See United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002).  White did not claim to be innocent of the conduct charged in the factual basis until after viewing the PSR and learning that this conduct would negatively impact his guidelines range–some nine months after pleading guilty.  The timing of his motion undermines his protestations of innocence, and as the Fifth Circuit stated in *Carr*, the purpose of allowing a defendant to withdraw his plea "is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."  740 F.2d at 345.

Finally, a claim of innocence does not, by itself, justify withdrawal, *United States v. Hurtado* 846 F.2d 995, 997 (5th Cir. 1988), and the other *Carr* factors weigh heavily against permitting withdrawal.

**B.   Prejudice to the Government**

---

[24]     *Id.* (emphasis added).

Believing that it had resolved this case in May 2015, the Government argues that a trial at this late stage–months after the trial of White's co-defendants–"would consume significant resources," especially because the Government would have to "re-call multiple witnesses who testified in the first trial."[25] White contends that "given the progress of this case through the court, withdrawal of [his] plea would not unduly inconvenience . . . the Government."[26] White does not explain what he means by "the progress of this case"; nor does he provide any argument to support his position. Regardless of whether the Government would be unduly prejudiced or inconvenienced, absence of prejudice to the Government will not justify allowing a defendant to withdraw his plea without good reason. *See United States v. Ard*, 298 F. App'x 337, 340 (5th Cir. 2008).

## C.   Delay

As noted, White waited nine months after entering his guilty plea and three months after receiving the PSR before moving to withdraw the plea approximately three weeks before sentencing. White provides no justification whatsoever for this delay, instead contending that "there is no delay in

---

[25]   R. Doc. 576 at 4.

[26]   R. Doc. 568 at 3.

[White's] assert[ing] the withdrawal motion."[27] In *Carr*, the Fifth Circuit held that a district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea when the defendant waited 22 days to request withdrawal of the plea and only did so three days before his sentencing. 740 F.2d at 345; *see also United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) ("[T]he six-week delay between entry of the plea and the motion to withdraw is significant[.]"). This factor weighs strongly against permitting withdrawal.

### D. Inconvenience to the Court and Waste of Judicial Resources

Vacating White's guilty plea would not substantially inconvenience the Court, but it would result in a waste of judicial resources. White was indicted in September 2014. Over the last two years, the Court has presided over a week-long trial of four of White's co-defendants and sentenced those defendants. The sentencing hearings for White's remaining co-defendants are all scheduled for the near future. Allowing White to withdraw at this stage would result in a waste of judicial resources. *See United States v. Estrella*, 601 F. App'x 310, 311 (5th Cir. 2015) ("In light of its extremely busy docket, the

---

[27] *Id.*

11

district court correctly determined that granting Estrella's motion to withdraw would inconvenience the district court and waste judicial resources.").

E.  **Close Assistance of Counsel**

White does not allege that he was denied close assistance of counsel, and the burden is on him to do so. There is nothing in the record that suggests any deficiencies in counsel's performance, and White stated under oath at re-arraignment that he had sufficient time to discuss his case with his attorney and that he was satisfied with his services.[28] White confirmed that he had read the factual basis and reviewed it with his attorney and that the facts stated in it were true.[29] In addition, White testified that his attorney had discussed the Sentencing Guidelines with him.[30] Likewise, White's attorney stated under oath that he had a full opportunity to investigate the facts, the law, and any possible defenses and that he had sufficient time to advise White on these matters.[31] Because "solemn declarations in open court carry a strong presumption of verity," *Adam*, 296 F.3d at 333, and because White does not

---

[28]  R. Doc. 533 at 25.

[29]  *Id.* at 29.

[30]  *Id.* at 7.

[31]  *Id.* at 25-26.

now complain of the quality of his counsel, this factor weighs against permitting withdrawal of the plea.

### F.    Knowing and Voluntary Nature of the Plea

The sixth factor is whether defendant's guilty plea was knowing and voluntary. For a plea to be knowing and voluntary, "the defendant must be advised of and understand the consequences of the guilty plea." *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (citing *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). With respect to sentencing, the "consequences of a guilty plea" means only "that the defendant must know the maximum prison term and fine for the offense charged." *Id.* (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). As long as a defendant understands the length of the time he might possibly receive, he is fully aware of his plea's consequences. *Id.* (quoting *Pearson*, 910 F.2d at 223). Due process does not mandate "notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." *Pearson*, 910 F.2d at 223 (citations omitted).

Again, White stated under oath that he had read the factual basis and reviewed it with his attorney and that the facts contained within it were true. The Court informed White of the maximum possible sentence for the charges

to which he pleaded guilty.[32]  White confirmed his understanding that the Court could impose the statutory maximum sentence of ten years as to Count One and five years as to Count Six.[33]  White also confirmed his understanding that the sentence the Court imposed could be different from any estimate given to him by his lawyer.[34]  White's sworn assertions demonstrate that he understood the full extent of his sentencing exposure, and he does not argue otherwise.

Accordingly, after considering the totality of the circumstances, the Court finds that defendant has failed to show a fair and just reason for withdrawing his guilty plea.

---

[32]     R. Doc. 533 at 6.

[33]     *Id.* at 6-7

[34]      *Id.* at 7.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to withdraw his guilty plea.

New Orleans, Louisiana, this 20th day of April, 2016.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE