UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 13-101 |
| CHRISTOPHER WHITE | SECTION "R" |

## ORDER AND REASONS

Before the Court is Defendant Christopher White's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] For the following reasons, the Court denies the motion.

### I. BACKGROUND

On March 18, 2015, White pleaded guilty to one count of conspiracy to commit health care fraud and one count of conspiracy to falsify records in a federal investigation.[2] On December 21, 2015, White moved to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d).[3] The Court denied the motion because White failed to provide a fair and just reason for requesting the withdrawal.[4] In May 2016, White's attorney withdrew from

---

[1] R. Doc. 848.
[2] R. Doc. 261; R. Doc. 700-2; R. Doc. 707.
[3] R. Doc. 513.
[4] R. Doc. 600.

this matter and White was appointed new defense counsel.[5] On June 24, 2016, White again moved to withdraw his guilty plea, arguing that he was innocent of the charges against him and that he received ineffective assistance of counsel.[6] The Court denied the motion for the reasons presented in its previous order.[7] The Court noted that White affirmed under oath at his rearraignment that the facts stated in the factual basis were true, and that he was satisfied with the advice and services of his lawyer.[8]

On September 21, 2016, the Court sentenced White to 48 months imprisonment as to each count, to be served concurrently.[9] White appealed his convictions, arguing that the Court abused its discretion in denying his motions to withdraw his guilty plea without an evidentiary hearing. *See United States v. White*, 694 F. App'x 356, 357 (5th Cir. 2017). The Fifth Circuit affirmed White's convictions and held that the Court was not required to hold an evidentiary hearing because White failed to "identify any particular factual issue that require[d] resolution at a hearing," and a hearing would not have changed the outcome in "light of the court's reliance on White's presumptively truthful statements at rearraignment." *Id.* at 358.

---

[5] R. Doc. 608; R. Doc. 612.
[6] R. Doc. 649.
[7] R. Doc. 696.
[8] *Id.*
[9] R. Doc. 707 at 1-2.

2

White now moves to vacate, set aside, or correct his sentence on the basis of ineffective assistance of counsel and prosecutorial misconduct.[10]

## II. DISCUSSION

### A. Ineffective Assistance Before Guilty Plea

White first argues that he was deprived of the effective assistance of counsel during plea negotiations and with respect to his decision to plead guilty.[11] To prove ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For counsel's performance to be constitutionally deficient, it must fall below an objective standard of reasonableness. *Id.* at 688. When a defendant alleges ineffective assistance in relation to a guilty plea, "the defendant can show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

---

10     R. Doc. 848
11     *Id.* at 16.

White alleges that his defense counsel failed to provide accurate advice concerning the benefits and consequences of accepting a plea agreement.[12] Specifically, White asserts that his attorney failed to discuss the plea agreement with him before advising him to sign it, and never asked White whether or not he understood the plea agreement.[13] White also alleges that his attorney failed to go over the factual basis or the plea agreement with him before his rearraignment.[14] According to White, he "hesitantly signed the documents, though I did not understand what I was signing or what I was supposedly agreeing to."[15] Further, White asserts that his attorney advised him to answer yes to each of the Court's questions at his rearraignment and that his attorney whispered "take one for the team" in his ear when the Court inquired about his understanding and about the representation of counsel.[16]

White offers no explanation as to why he would sign documents he did not understand. Nor does he specify what aspect of the plea agreement or factual basis he did not understand. Moreover, White's allegations are inconsistent with his statements under oath at his rearraignment hearing, when he affirmed that he understood the terms of the plea agreement, that

---

[12] *Id.* at 14.
[13] *Id.* at 19-20.
[14] *Id.* at 20.
[15] *Id.* at 19-20.
[16] *Id.* at 20.

4

he had read the factual basis and gone over it with his lawyer, that he had sufficient time to discuss his case with his lawyer, and that he was satisfied with the advice and services of his lawyer.[17] White further affirmed that the statements in the factual basis were true and that he was pleading guilty because he was in fact guilty.[18] White's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also White*, 694 F. App'x at 357-58.

Even if White could show deficient performance by his attorney, he has made no showing of prejudice. White's primary complaint is that his lawyer failed to fully explain the plea agreement and the factual basis, and failed to inform him of the applicable law.[19] White asserts that his counsel's deficient performance deprived him "of knowledge essential to his ability to make an informed decision of whether he should follow through with his initial intention to proceed to trial, or accept the United States' plea offer."[20]

At White's rearraignment hearing, the Court detailed the charges against him and explained what the Government would have to prove at trial for the jury to find him guilty on each count.[21] The Government and the

---

[17] R. Doc. 700-2 at 19, 25, 29.
[18] *Id.* at 29-30.
[19] R. Doc. 848 at 20, 40.
[20] *Id.* at 21.
[21] R. Doc. 700-2 at 8-12.

Court explained in detail the terms of the plea agreement, and White stated that he understood the terms of the agreement.[22] The Government also outlined the factual basis of the charges against White, and White affirmed that the statements in the factual basis were true.[23] White's assertions that he did not understand the elements of the crimes he was charged with, the terms of his plea agreement, and the contents of the factual basis are contradicted by the record. He has therefore failed to show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

White also argues that he is actually innocent, and that his attorney failed to adequately investigate his possible defenses before advising him to plead guilty.[24] In a declaration, White asserts that a thorough examination of the evidence would have cleared him of all guilt and demonstrated that he did not falsify documents.[25] White further declares that his attorney failed to interview his co-workers and co-defendants, whom White asserts could have provided exculpatory information as to White's lack of involvement in and knowledge of criminal activity.[26]

---

[22] *Id.* at 15-24.
[23] *Id.* at 26-29.
[24] R. Doc. 848 at 15, 39-41; R. Doc. 879 at 2.
[25] R. Doc. 848 at 35, 39-40.
[26] *Id.* at 35.

White's assertions of innocence are inconsistent with the record and the factual basis he signed. At White's rearraignment, the Court outlined the elements of each offense to which White was pleading guilty, including the intent requirements.[27] The Court described the meaning of conspiracy and specifically explained that "[a] person who has no knowledge of a conspiracy but happens to act in a way that advances some purpose of a conspiracy does not thereby become a conspirator."[28] After the Court provided this explanation, White affirmed that his lawyer had explained to him what the Government would have to prove had he gone to trial.[29]

Moreover, White's factual basis states that "White and his co-conspirators caused claims to be submitted to Medicare . . . knowing that the Medicare beneficiaries who purportedly received home health care services and DME from these companies" did not qualify for these services and did not want and/or did not receive these services.[30] The factual basis also states that White and his co-conspirators "agreed to fabricate employment and tax records to mislead the grand jury and law enforcement and conceal the fraud scheme."[31] Specifically, White and his co-conspirators "created false tax

---

[27] R. Doc. 700-2 at 9-10.
[28] *Id.* at 11.
[29] *Id.*
[30] R. Doc. 265 at 4.
[31] *Id.*

forms, employment records, and other documents to give the false impression that a co-conspirator had worked for Goldwell."[32] In his declaration, White asserts that his attorney would have realized that the factual basis contained incorrect statements had he conducted an adequate investigation.[33] But the statements in the factual basis regarding White's criminal intent are within White's personal knowledge. White fails to explain why he chose to sign the factual basis if it was inaccurate.

In his second motion to withdraw his guilty plea, White made the same arguments regarding his purported innocence and his attorney's ineffective assistance under *Strickland*, 466 U.S. 668.[34] The Court previously considered and rejected these arguments, and the Fifth Circuit affirmed the Court's decision.[35] *See White*, 694 F. App'x 356. Because White's claim that a proper investigation would have revealed his innocence is contradicted by the signed factual basis and his sworn statements at his rearraignment hearing, he has made no showing of prejudice.

---

[32] *Id.*
[33] R. Doc. 848 at 41.
[34] R. Doc. 649-1 at 11-15.
[35] R. Doc. 696.

**B. Ineffective Assistance After Guilty Plea**

White also argues that he received ineffective assistance because his attorney failed to promptly move to withdraw White's guilty plea.[36] In response, the Government argues that any claim of ineffective assistance of counsel based on conduct that took place after White entered his guilty plea is barred by the plea agreement.[37] In his plea agreement, White waived his right to appeal or collaterally challenge his conviction or sentence.[38] White retained "the right to bring a post-conviction challenge if [he] establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[39]

To determine whether a plea agreement bars a defendant from raising an issue on appeal or collateral review, the Court considers "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *see also United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (explaining that plea

---

[36] R. Doc. 848 at 20.
[37] R. Doc. 867 at 9.
[38] R. Doc. 264 at 2-3.
[39] *Id.* at 3.

9

agreements are construed through normal principles of contract interpretation). As noted above, the Government and the Court outlined the terms of the plea agreement at White's rearraignment hearing.[40] The Court specifically explained the terms of the appeal waiver, and White affirmed that he understood the limits on his collateral challenge rights.[41] The Court thus finds that White's waiver of his collateral challenge rights was knowing and voluntary.

White maintains that his claims related to the withdrawal of his guilty plea are not covered by the appeal waiver because, at his rearraignment, the Court deferred its decision on whether to accept the plea agreement.[42] White contends that his "guilty plea and his plea agreement had not yet been accepted by the Court."[43] But White confuses the Court's acceptance of his guilty plea with the Court's decision regarding his plea agreement. The Court accepted White's guilty plea and adjudged him guilty at his rearraignment hearing.[44] That the Court deferred its decision with regard to White's plea *agreement* is immaterial. The actions of White's attorney after entry of the guilty plea did not affect the validity of the guilty plea or the plea agreement.

---

[40] R. Doc. 700-2 at 15-24.
[41] *Id.* at 23-24.
[42] R. Doc. 879 at 5.
[43] *Id.*
[44] R. Doc. 700-2 at 30-31.

10

White's claim of ineffective assistance of counsel arising out of his effort to withdraw his guilty plea is therefore barred by the plea agreement.

### C. Prosecutorial Misconduct

Finally, White argues that his guilty plea was involuntary because of prosecutorial misconduct.[45] This claim rehashes the same arguments that the Court previously rejected in denying White's second motion to withdraw his guilty plea.[46] White alleges that the prosecutor engaged in bullying tactics, screamed at him, used profanity, and told him that he would face more time in jail if he did not plead guilty.[47] Even if the Court accepts these allegations as true, White has not shown that his plea was the product of "actual or threatened physical harm, or mental coercion overbearing the will of the defendant or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Mathew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000) (internal quotation marks and alterations omitted). Accordingly, White fails to allege facts to suggest that his plea was involuntary.

---

[45] R. Doc. 848 at 15.
[46] R. Doc. 649-1 at 11-12; R. Doc. 696.
[47] R. Doc. 848 at 19.

The record conclusively shows that White is not entitled to relief. *See* 28 U.S.C. § 2255(b); *see also White*, 694 F. App'x at 358. Thus, no evidentiary hearing is required.

### D. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, White has not made a substantial showing of the denial of a constitutional right.

## III. CONCLUSION

For the foregoing reasons, White's motion is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this \_\_\_29th\_\_\_ day of May, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE