UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 13-101 |
| CHRISTOPHER WHITE | SECTION "R" |

### **ORDER AND REASONS**

Before the Court is defendant Christopher White's motion to alter or amend the Court's judgment denying his 28 U.S.C. § 2255 motion, pursuant to Federal Rules of Civil Procedure 59(e) and 52(b).[1] The motion is denied because (1) to the extent White attacks the merits of the Court's order denying his Section 2255 motion, the Court does not have jurisdiction to hear those arguments because they are in effect a second or successive Section 2255 petition for which White needs authorization from the Fifth Circuit to file; and (2) the Court did not commit an error of fact or law in denying White an evidentiary hearing on his Section 2255 motion.

### I.  BACKGROUND

On March 18, 2015, White pleaded guilty to one count of conspiracy to commit health care fraud and one count of conspiracy to falsify records in a

---

1    R. Doc. 898.

federal investigation.[2] On December 21, 2015, White moved to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d).[3] The Court denied the motion because White failed to provide a fair and just reason for requesting the withdrawal.[4] In May 2016, White's attorney withdrew from this matter and White was appointed new defense counsel.[5] On June 24, 2016, White again moved to withdraw his guilty plea, arguing that he was innocent of the charges against him and that he received ineffective assistance of counsel.[6] The Court denied the motion for the reasons presented in its previous order.[7] The Court noted that White affirmed under oath at his rearraignment that the facts stated in the factual basis were true, and that he was satisfied with the advice and services of his lawyer.[8]

On September 21, 2016, the Court sentenced White to 48 months imprisonment as to each count, to be served concurrently.[9] White appealed his convictions, arguing that the Court abused its discretion in denying his motions to withdraw his guilty plea without an evidentiary hearing. *See*

---

[2] R. Doc. 261; R. Doc. 700-2; R. Doc. 707.
[3] R. Doc. 513.
[4] R. Doc. 600.
[5] R. Doc. 608; R. Doc. 612.
[6] R. Doc. 649.
[7] R. Doc. 696.
[8] *Id.*
[9] R. Doc. 707 at 1-2.

*United States v. White*, 694 F. App'x 356, 357 (5th Cir. 2017). The Fifth Circuit affirmed White's convictions and held that the Court was not required to hold an evidentiary hearing because White failed to "identify any particular factual issue that require[d] resolution at a hearing," and a hearing would not have changed the outcome in "light of the court's reliance on White's presumptively truthful statements at rearraignment." *Id.* at 358.

On November 22, 2017, White moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, on the basis of ineffective assistance of counsel and prosecutorial misconduct.[10] The Court denied the motion on May 29, 2018.[11] White now moves under Federal Rules of Civil Procedure 59(e) and 52(b) for the Court to amend or alter the judgment.[12]

## II. DISCUSSION

White first contends that the Court erred in its determination that his claim for ineffective assistance of counsel did not entitle him to relief under 28 U.S.C. § 2255.[13] Because this contention "attacks the federal court's

---

10    R. Doc. 848
11    R. Doc. 889.
12    R. Doc. 898.
13    *Id.* at 1-4 (arguing that the Court incorrectly applied the facts of his case to the applicable legal standards in determining that (1) his counsel's performance was not constitutionally deficient, and (2) he made no showing that he was prejudiced by his counsel's actions).

3

previous resolution" of his claim "*on the merits*," this portion of White's motion is considered a successive Section 2255 claim. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (emphasis in original); *United States v. Brown*, 547 F. App'x 637, 641 (5th Cir. 2013) (applying the principles in *Gonzalez* to determine whether a motion styled as a Rule 59(e) motion was an unauthorized successive Section 2255 motion). A district court cannot exercise jurisdiction over a second or successive Section 2255 petition without authorization of the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). White has not complied with this requirement; therefore, the Court dismisses his arguments attacking the Court's determination of his ineffective assistance of counsel claim because he failed to receive certification from the Fifth Circuit.

White separately contends that he was entitled to an evidentiary hearing for his Section 2255 motion. The Fifth Circuit has stated that a motion claiming that the district court improperly denied a defendant an evidentiary hearing under Section 2255 is properly classified as a Rule 59(e) motion. *Brown*, 547 F. App'x at 641-42. Such a motion "does not challenge

4

the district court's prior resolution of claims on the merits and instead attacks 'some defect in the integrity of the federal habeas proceedings.'" *Id.* at 641 (quoting *Gonzalez*, 545 U.S. at 532). When that is the case, the motion is not the equivalent of a successive habeas application, and the Court has jurisdiction over the motion. *Id.* The Court will therefore consider this portion of White's motion.

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, *2 (E.D. La. Mar. 19, 1998); *Bardwell v. George G. Sharp, Inc.*, No. 93-3590, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity &*

5

*Deposit Co. of Md. v. Omni Bank*, No. 99-1167, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Fields*, 1998 WL 43217 at *2.

White argues that his Rule 59(e) motion should be granted because the Court committed a manifest error of law.[14] He argues that the Court applied the wrong legal standard for determining whether an evidentiary hearing is necessary.[15] Section 2255(b) provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

The Court applied this standard and ruled that an evidentiary hearing was not required because "[t]he record conclusively show[ed] that White is not entitled to relief."[16] White's motion is meritless because the Court applied the correct standard of law. *See United States v. Gladney*, 692 F. App'x 185 (5th Cir. 2017) (district court did not err in denying defendant an evidentiary hearing on a Section 2255 motion when the evidence in the record conclusively contradicted the defendant's assertions that his counsel was

---

14   *Id.* at 4-5.
15   *Id.*
16   R. Doc. 889 at 12.

6

deficient in advising him prior to his plea of guilty). His motion is therefore denied under both Rule 59(e) and Rule 52(b).

## III. CONCLUSION

For the foregoing reasons, White's motion is DENIED.

New Orleans, Louisiana, this 2nd day of May, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE