UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 13-101 |
| CHRISTOPHER WHITE | SECTION "R" (3) |

## ORDER AND REASONS

The Court has received petitioner Christopher White's notice of appeal.[1] Because the petitioner has not made a substantial showing that he was denied a constitutional right, the Court does not issue a certificate of appealability.

## I. BACKGROUND

White pleaded guilty to one count of conspiracy to commit health care fraud and one count of conspiracy to falsify records in a federal investigation.[2] He subsequently moved to withdraw his guilty plea.[3] The Court denied the motion.[4] White's attorney later withdrew,[5] and White was

---

[1] R. Doc. 974.
[2] R. Doc. 700-2 at 31:2-4; R. Doc. 707 at 1.
[3] R. Doc. 513.
[4] R. Doc. 600.
[5] R. Doc. 608.

appointed new counsel.[6]  White then moved once more to rescind his guilty plea,[7] and the Court again denied the motion.[8]  The Court sentenced White to forty-eight months' imprisonment as to each count, to be served concurrently.[9]

White appealed his convictions.  *See United States v. White*, 694 F. App'x 356, 357 (5th Cir. 2017) (per curiam).  The Fifth Circuit affirmed.  *See id.* at 358.  White next moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[10]  The Court denied the motion.[11]  White moved the Court to amend or alter its judgment.[12]  The Court denied that motion as well.[13]

White then entered a notice of appeal as to the order denying his motion to amend or alter judgment.[14]  Shortly afterward, White also moved for leave to appeal *in forma pauperis*,[15] which the Court denied.[16]  White proceeded to appeal this order denying leave to appeal *in forma pauperis*,

---

[6]     R. Doc. 612.
[7]     R. Doc. 649.
[8]     R. Doc. 696.
[9]     R. Doc. 707 at 2.
[10]    R. Doc. 848.
[11]    R. Doc. 889.
[12]    R. Doc. 898.
[13]    R. Doc. 958.
[14]    R. Doc. 960.
[15]    R. Doc. 966.
[16]    R. Doc. 972.

"as well as all other Orders entered in this matter."[17] The Court now considers whether to enter a certificate of appealability.

## II. LEGAL STANDARD

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings, Rule 11(a). Pursuant to statute, a court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that an issue must "satisfy the showing required by 28 U.S.C. § 2253(c)(2)" for a certificate to issue).

This statutory language codified the judicial standard "for determining what constitutes the requisite showing" for a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

---

[17] R. Doc. 974.

3

deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

## III. DISCUSSION

White has not made a substantial showing that he suffered a denial of a constitutional right. The Court previously declined to issue a certificate of appealability on White's motion under 28 U.S.C. § 2255.[18] Since that time, White has raised no new issues that reasonable jurists could debate or that deserve further encouragement.

In particular, White's motion to alter or amend the Court's judgment denying his Section 2255 motion[19] raises no issues warranting a certificate of appealability. White presented two arguments. First, White argued that the Court erred in denying his claim for ineffective assistance of counsel in his original Section 2255 motion.[20] Because this argument attacked the Court's earlier decision on the merits, the Court construed it as a second or successive Section 2255 claim.[21] As such, this Court could not exercise jurisdiction over the petition without authorization from the court of

---

[18] *See* R. Doc. 889 at 12-13.
[19] R. Doc. 898.
[20] *See id.* at 1-4.
[21] *See* R. Doc. 958 at 3-4.

4

appeals.²² Furthermore, this Court had already addressed this argument at length in its reasoned order denying White's initial Section 2255 motion²³—and had denied issuing a certificate of appealability at that time.²⁴ For the same reasons stated previously, White has not made a substantial showing of the denial of a constitutional right based on the alleged ineffectiveness of his counsel; he raises no issues reasonable jurists could debate or which deserve further encouragement. The Court therefore reiterates its denial of a certificate of appealability on the issue of ineffective assistance of counsel.

Second, White argued that he was entitled to an evidentiary hearing for his Section 2255 motion.²⁵ The Court addressed this argument at length in its reasoned order denying White's motion to amend or alter the Court's judgment.²⁶ In short, contrary to White's argument, the Court applied the correct standard of law in determining that he was not entitled to an evidentiary hearing.²⁷ White has not made a substantial showing of the denial of a constitutional right based on the lack of an evidentiary hearing; he raises no issues reasonable jurists could debate or which deserve further

---

| | |
|---|---|
| 22 | *See id.* |
| 23 | *See* R. Doc. 889 at 3-11. |
| 24 | *See id.* at 12-13. |
| 25 | *See* R. Doc. 898 at 4. |
| 26 | *See* R. Doc. 958 at 4-7. |
| 27 | *See id.* at 6-7. |

encouragement. The Court therefore denies a certificate of appealability on the issue of an evidentiary hearing.

Finally, White has raised no other claims that warrant issuing a certificate of appealability. White's notice of appeal, for instance, purports to appeal all "[o]rders entered in this matter."[28] But he presents no new substantive arguments. The Court has addressed all of White's arguments in its previous reasoned opinions. And none of these arguments present a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's request for a certificate of appealability.

New Orleans, Louisiana, this __26th__ day of August, 2019.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[28] R. Doc. 974.